FILED
05/18/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 24, 2017

## CLAIRE NICOLA BELL v. TIMOTHY JOHN BELL

**Appeal from the Circuit Court for Hamilton County**
**No. 10D2000          W. Jeffrey Hollingsworth, Judge**

_____

**No. E2016-01180-COA-R3-CV**
_____

CHARLES D. SUSANO, JR., J., concurring.

I concur in the majority's determination that the evidence does not preponderate against the trial court's judgment (1) finding a material change in circumstances; (2) holding that "the best interest of the children [is] that [Mr. Bell] be the Primary Residential Parent;" and (3) awarding father 215 days of residential parenting time with the balance of days awarded to mother.

I write separately to address the trial court's reaction to mother's living arrangement with Dr. Jane Jones. My focus is on the trial court's statements regarding this relationship and its ultimate conclusion with respect to it.

The trial court made the following comments on this subject:

> Another change is that the Mother and the children are living with Dr. Jane Jones in a house owned by Dr. Jones in North Chattanooga. That is how the children are able to attend Normal Park. Dr. Jones testified about her close relationship with the children and the Mother and how she has no intention of "putting them out on the street." However, Dr. Jones has no legal obligation to continue to support the Mother and the children and should the relationship sour or something happen to Dr. Jones, the Mother and the children will be without a home.

> \*          \*          \*

> Although the Mother and the children are well provided for in Dr. Jones' home, the Court has already expressed its concerns if the status should change or something happen to Dr. Jones.

The majority correctly notes "[t]he Trial Court also was concerned with Mother's financial dependence upon Dr. Jones and contrasted that arrangement with Father's independence and relative stability." I do not understand why father's situation is considered to be more stable than that of mother's. *See* Tenn. Code Ann. § 36-6-106(a)(10) (Supp. 2016) (alluding to the relative "length of time the child has lived in a stable, satisfactory environment"). Both parents appear to be living in stable environments. I don't believe it is appropriate to speculate how long either situation will last. While Dr. Jones could put mother and the children out of her house, the stable situation that father is currently in could change tomorrow. Simply stated, I do not understand why the trial court was critical of mother's living arrangement with Dr. Jones.

_____
CHARLES D. SUSANO, JR., JUDGE